**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY DON COLLMER,

             Petitioner-Appellant,

v.

DREW EDMONDSON and STEVE
HARGETT,

             Respondents-Appellees.

No. 01-6087

(W.D. Okla.)

(D.C. No. CIV-00-1260-R)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jimmy Don Collmer, a state prisoner proceeding pro se, was convicted in Oklahoma state court of five drug-related counts for which he was sentenced to four thirty-year terms of imprisonment and one twenty-year term of imprisonment, all of which were to run consecutively. On July 17, 2000, Mr. Collmer filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. The federal district court denied the petition, and Mr. Collmer now seeks from this court a certificate of appealability. For the reasons stated below, we affirm.

I.

Mr. Collmer argues that he should be granted a certificate of appealability on the basis that a "fundamental error" took place during his trial in the District Court of Washita County (Oklahoma). App. for COA at 2 (filed May 14, 2001). More specifically, Mr. Collmer asserts that the trial judge, Hon. David A. Barnett, violated his First Amendment and due process rights by reciting a prayer to the prospective jurors prior to voir dire, thereby depriving him of a fair trial. The substance of the prayer was as follows:

> One of my longstanding practices is that[,] before I start selection of a jury, I exercise one of my basic constitutional freedoms and that's called free exercise of religion. I pray. I want you to know that that is not a State prayer. It is not proffered to influence you in any way as a juror. It is merely and solely . . . me exercising my constitutional rights. So before I do that I want to certainly afford to anyone who would not feel comfortable participating or being present

as I pray an opportunity to excuse themselves. If you would like to do that, you certainly should.

  All right. I'll pray. . . . "Dear Lord, I acknowledge that Your name is above all names, as I ask that Your name be exalted and honored today. I acknowledge that this is the day that You have made, as I ask for the will to rejoice and be glad in it. I acknowledge that the fear of the Lord is the beginning of all wisdom, as I ask You for wisdom. I acknowledge that You are the author of peace that goes beyond human comprehension, as I ask You for peace. I acknowledge You as the creator, provider of all things, as I ask You to provide what I need. I acknowledge You as Lord, as I ask these things in the name of Jesus. Amen."

Tr. vol. I, at 19-20 (Apr. 20, 1999).

As a preliminary matter, we take note that, during the proceedings below, the federal district court did not act on the issue of whether or not a certificate of appealability was warranted with respect to Mr. Collmer's habeas petition. However, pursuant to this court's Emergency General Order of October 1, 1996, we deem the certificate of appealability to have been denied. See Lopez v. Lytle, Nos. 99-2331, 99-2367, 2000 WL 1114098, at *1 (10th Cir. Aug. 7, 2000) (unpublished opinion) (discussing emergency general order).

## II.

Having resolved this preliminary matter, we now move on to the substance of Mr. Collmer's application for a certificate of appealability. Because Mr. Collmer's habeas petition was not filed until July 17, 2000, the provisions of the

Antiterrorism and Effective Death Penalty Act ("AEDPA") govern his case and, under AEDPA, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, Mr. Collmer "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We note at the outset that we are troubled by the trial judge's courtroom prayer in light of the well-known constitutional dictate that the establishment of religion by the government is not permitted. See U.S. Const. amend. I. As suggested by the magistrate judge in his report and recommendation, there might well be merit to Mr. Collmer's case (standing issues aside) if he had filed a complaint pursuant to 42 U.S.C. § 1983, seeking injunctive or declaratory relief – i.e., to enjoin the continued recitation of the prayer by the trial judge.

But here Mr. Collmer does not seek injunctive or declaratory relief;[1] rather, he asks for habeas relief, that is, relief from his conviction and/or sentence. And under these circumstances, we conclude that Mr. Collmer has failed to make a substantial showing of a constitutional violation because he has not demonstrated

---

[1] Even under a liberal construction of Mr. Collmer's pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), it is clear that he does not seek either injunctive or declaratory relief. See Aplt's Br. at 3 (asking that this court "vacate the sentence and order them to be run concurrently").

-4-

that "the content of the prayer substantially impaired the fairness of [his] trial." Cf. United States v. Walker, 696 F.2d 277, 282 (4th Cir. 1983) (in a direct criminal appeal, concluding that the defendants were "not entitled to . . . reversal [of their convictions] unless the content of the prayer substantially impaired the fairness of their trial"). The cases on which Mr. Collmer relies are inapposite because they do not involve habeas proceedings. See, e.g., North Carolina Civil Liberties Union Legal Found. v. Constangy, 947 F.2d 1145, 1146 (4th Cir. 1991) (in a "traditional" civil case, upholding a district court judgment "permanently enjoin[ing] [a judge] from opening court with [a] prayer" because the prayer violated the Establishment Clause).

Because Mr. Collmer cannot demonstrate prejudice as a result of the prayer, he cannot be awarded any relief from his conviction and/or sentence. Consequently, we DENY the application for a certificate of appealability and DISMISS the appeal. However, we GRANT the motion to proceed in forma pauperis.

Entered for the Court,


Robert H. Henry
Circuit Judge

-5-